CINDY L. HO (SBN 227226)
Cindy Ho Law, APC
46 W. Santa Clara
San Jose, CA 95113
Phone: (408) 288-5025
Fax: (408) 295-5334
cindy@cindyholaw.com

Attorney for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| DENNIS PELINO,<br><br>　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA and COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　Defendants. | **COMPLAINT FOR REFUND AND ABATEMENT**<br><br>1. CIVIL ACTION FOR REFUND 26 U.S.C. §7422<br>2. CIVIL ACTION FOR ABATEMENT 26 U.S.C. §6404<br><br>**JURY TRIAL DEMANDED** |

COME NOW the PLAINTIFF, Dennis Pelino, by and through his attorney, Cindy L. Ho, for his Complaint alleges and avers as follows:

**JURISDICTION**

1. This action is to obtain a refund for monies paid in satisfaction of liabilities and penalties erroneously assessed against Dennis Pelino ("PLAINTIFF") for tax year 2009 by the United States of America and Commissioner of Internal

Revenue ("DEFENDANTS"), as well as the abatement of all associated outstanding penalties, interest, and associated tax balances erroneously assessed against PLAINTIFF in relation to the subject tax year.

2. This Court has jurisdiction under 26 U.S.C. §7422(a) to entertain a refund suit against the United States for monies paid and levied in satisfaction of penalties, interest, and associated tax balances erroneously assessed against PLAINTIFF as a result of DEFENDANTS' clerical error and miscalculation of interest in relation to tax year 2009.

3. This Court has jurisdiction under 26 U.S.C. §6404 to entertain a suit against the United States for the abatement of all penalties, interest, and associated tax balances erroneously assessed against PLAINTIFF for tax year 2009.

4. PLAINTIFF has exhausted all administrative remedies as required by 26 U.S.C. §7422(a) by filing a claim for refund and abatement with the Secretary to recover the amounts collected, and abatement of penalties and interest assessed, for tax year 2009.

5. PLAINTIFF'S Claim for Refund and Request for Abatement of improperly assessed penalties, interest, and associated tax balances for tax year 2009 was timely submitted on October 2, 2018 which was within two years from the time the tax was paid pursuant to 26 U.S.C. §6511(a) and at least six months after the claim for refund, making this suit timely under 26 U.S.C. §6532(a)(1). In addition, the claim for the abatement of all unpaid penalties, interest, and associated tax balances erroneously assessed against PLAINTIFF for tax year 2009 makes this suit timely under 26 U.S.C. §6404(a)(3).

## VENUE

6. Venue is proper under 28 U.S.C. §1402(a)(1) because PLAINTIFF resides in the Central District of the State of California, and all acts complained of occurred or were caused to occur within the Central District of the State of California.

## WAIVER OF SOVEREIGN IMMUNITY

7. The United States has waived sovereign immunity under 26 U.S.C. §7432, 26 U.S.C. §7422(f)-(g), and 26 U.S.C §6404(a).

## PARTIES

8. PLAINTIFF, Dennis Pelino, filed a tax return for the year at issue and resides in Los Angeles, California.

9. DEFENDANTS are the United States of America acting by and through its agency the Internal Revenue Service (IRS), its Commissioner of Internal Revenue (C.I.R.) and its employees, officers, agents and servants and by and through the Secretary of Treasury and his delegates.

## FACTS

10. On or about November 8, 2010, PLAINTIFF filed his 2009 income tax return.

11. On or about December 18, 2017, a decision by the United States Tax Court was entered against PLAINTIFF to pay a deficiency in income tax in the amount of $12,771.00, as well as a penalty under I.R.C §6663(a) in the amount of $293,900, for the taxable year 2009 (see Exhibit A).

12. On March 23, 2018, PLAINTIFF submitted payment of $386,721.12 to the IRS, which payment posted to his account, to fully satisfy his known outstanding balance of tax liability under the aforesaid Tax Court decision, including associated accrued interest, in relation to tax year 2009.

13. On April 23, 2018, despite PLAINTIFF'S tax liability for the 2009 tax year having already been paid in full, the IRS sent PLAINTIFF a Notice CP22E demanding payment of $10,514.73 of interest on unpaid amounts for tax year 2009. The Notice indicated that during the period of March 12, 2018 to March 31, 2018, PLAINTIFF'S tax liability balance inexplicably and erroneously increased by $309,676.54 even though no transactions on PLAINTIFF's IRS Account Transcript showed any additional charge matching this sudden increase.

14. Believing in good faith that there was some residual balance due that he inadvertently missed, PLAINTIFF promptly paid the IRS this amount on April 27, 2018.

15. PLAINTIFF'S accountant's office of Devereaux, Kuhner & Co. LLP contacted the IRS several times to request an explanation for the unexpected increased tax liability.  However, the IRS could not explain why PLAINTIFF was charged the sudden increase in tax liability.  Moreover, DEFENDANTS' IRS agent Ms. Jakubowski (ID #1000621202) agreed that PLAINTIFF'S balance was paid in full as of March 23, 2018 and suggested that the increase in liability was due to DEFENDANTS' clerical input error from miscoding PLAINTIFF'S final payment.

16. On October 1, 2018, the IRS sent PLAINTIFF Notice CP504 demanding payment of $15,461.44 of interest on unpaid amounts for tax year 2009.

17. On October 5, 2018, in reliance on the IRS agent's recommendation, and by and through his accountant's office of Devereaux, Kuhner & Co. LLP, PLAINTIFF submitted a Claim for Refund and Request for Abatement (Form 843) to resolve an amount totaling $25,976.17 (which amount includes a requested refund of $10,514.73 that PLAINTIFF mistakenly paid on April 27, 2018, as well as the abatement of $15,461.44 demanded by IRS on October 1, 2018) as a result of DEFENDANTS' clerical error (see Exhibit B).  The IRS did not timely acknowledge receipt of PLAINTIFF's claim.

18. On December 3, 2018, the IRS sent PLAINTIFF Notice CP49 demanding payment of a remaining balance of $11,282.10 of unpaid interest for tax year 2009, after the IRS intercepted $10,000 from PLAINTIFF'S overpayment relating to his 2017 Income Tax Return in order to partially pay the outstanding interest for tax year 2009.

19. On July 8, 2019, the IRS sent PLAINTIFF Notice CP71C demanding payment of $36,150.46 of interest on unpaid amounts for tax year 2009.

20. On July 18, 2019, IRS abruptly denied PLAINTIFF'S claim for a refund on the basis that the Officer of Appeals or Tax Court had already considered the exam. The IRS concluded that the examine was closed and could not be reopened. (see Exhibit C).  However, the IRS appeared to have been referring to the Tax Court case where PLAINTIFF agreed to the assessed tax liability and penalty. PLAINTIFF does not take issue with the Tax Court decision entered on December 17, 2018.  PLAINTIFF takes issue with DEFENDANTS' erroneous action of assessing additional tax that was inconsistent with the Tax Court decision entered.

21. The IRS has never made a determination on PLAINITFF's claim that the subsequent action on April 23, 2018 of assessing additional tax in the amount of $309,676.54 was made in error.

22. On September 16, 2019, the IRS sent PLAINTIFF Notice CP91 demanding payment of $43,179.23 of interest on unpaid amounts for tax year 2009, which included $7,028.77 of interest added to the amount set forth in the IRS Notice CP71C dated July 8, 2019.

23. On September 20, 2019, by and through PLAINTIFF'S accountant's office of Devereaux, Kuhner & Co. LLP, PLAINTIFF submitted a written appeal for the IRS' further consideration of PLAINTIFF'S request for a refund of $20,514.73 of incorrectly assessed and collected interest, as well as an abatement of all penalties, interest, and associated tax balances due as reflected in the IRS' Notices dated April 23, 2018, December 3, 2018, July 8, 2019, and September 16, 2019. (see Exhibit D).

24. On November 27, 2019, PLAINTIFF received $2,516.60 from the Social Security Administration, from which the IRS seized $377.49 to satisfy partial payment of the penalties and interests erroneously assessed against PLAINTFF with respect to tax year 2009.

25. On January 14, 2020, the IRS sent PLAINTIFF a letter stating that they

needed more time to completely respond to PLAINTIFF'S "inquiry received Oct. 11, 2019" (see Exhibit E).

26. On March 3, 2020, the IRS notified PLAINTIFF that PLAINTIFF'S letter submitted to DEFENDANTS on September 20, 2019 would be forwarded to the IRS' collections office for handling.

27. On April 13, 2020, the IRS sent PLAINTIFF Notice CP91 demanding payment of $64,247.36 of interest charged on unpaid amounts for tax year 2009, which amount included $28,486.99 of interest added to the amount set forth in the IRS Notice CP71C sent on July 8, 2019.

## GENERAL ALLEGATIONS

28. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS' unintentional clerical errors led to the erroneous assessment of penalties, interest, and associated tax balances against PLAINTIFF for tax year 2009.

## CAUSE OF ACTION: CIVIL ACTION FOR REFUND
## 26 U.S.C. §7422

**I.** **Claim of Refund for Amounts Paid in Satisfaction of the Penalties Assessed**

**Against Plaintiff for Tax Year 2009**

29. PLAINTIFF re-alleges and incorporates herein by reference the facts and allegations contained in paragraphs 1-28 above.

30. The IRS' Notice CP22E dated April 23, 2018 shows that DEFENDANTS miscalculated interest on PLAINTIFF'S account. Instead of subtracting PLAINTIFF'S payment from his balance due, DEFENDANTS incorrectly entered his payment as an additional balance due, resulting in a total amount due of $700,233. This clerical error increased the amount of interest computed. While the IRS may have since reversed the additional balance, the

IRS never reversed the associated accrued interest.

31. DEFENDANTS, by and through its agents, failed to fully correct their clerical error in PLAINTIFF'S record with respect to tax year 2009 despite receiving PLAINTIFF'S payment of $386,721.12 in full satisfaction of his tax liabilities for such year, and despite having notice of such clerical error when PLAINTIFF submitted his claim and appeal for a refund of monies mistakenly paid by or taken from PLAINTIFF.

32. As a result of DEFENDANTS clerical error, interest on unpaid amounts was assessed, and continues to be assessed against PLAINTIFF for tax year 2009. PLAINTIFF not only mistakenly paid $10,514.73 in his attempt to resolve the remaining balance in good faith, but DEFENDANTS also improperly intercepted $10,000 from PLAINTIFF'S overpayment relating to his 2017 Income Tax Return, and levied an additional amount of $377.49 against a payment from the Social Security Administration to which PLAINTIFF was entitled, to partially pay off the balance.

## CAUSE OF ACTION: CIVIL ACTION FOR ABATEMENT
## 26 U.S.C. §6404

**II.    Claim of Abatement of all penalties, interest, and associated tax balances erroneously Assessed Against Plaintiff for Tax Year 2009**

33. PLAINTIFF re-alleges and incorporates herein by reference the facts and allegations contained in paragraphs 1-32 above.

34. As a result of DEFENDANTS clerical error, interest on unpaid amounts was assessed, and continues to be assessed against PLAINTIFF for tax year 2009 despite DEFENDANTS having notice of such error through PLAINTIFF'S subsequent claim and appeal for abatement of the interest.

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF respectfully requests this Court enter judgment against the United States and the Commissioner of Internal Revenue as follows:

1. For the return of $20,892.22 erroneously paid and applied to tax year 2009 plus statutory interest as provided by law.
2. For the abatement of all outstanding penalties, interest, and tax balances assessed against PLAINTIFF in relation to tax year 2009.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby makes a demand for trial by jury.

Respectfully submitted this 19th day of October 2020.

/s/ Cindy L. Ho
Cindy L. Ho
Attorney for Plaintiff